UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-CV-00033-FDW-DCK

| | |
|---|---|
| NAYELI MORALES OSORIO, ELIUTH CRUZ CORTEZ, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) **ORDER** |
| UR MENDOZA JADDOU, LAURA B. ZUCHOWSKI, | ) ) ) ) |
| Defendants. | ) ) ) |

**THIS MATTER** is before the Court on Defendants Ur Mendoza Jaddou and Laura B. Zuchowski's (collectively "**Defendants**") Motion to Dismiss. (Doc. No. 5.) For the reasons set forth below, Defendants' motion is **DENIED as MOOT**.

## I. BACKGROUND

On January 16, 2025, Plaintiffs Nayeli Morales Osorio and Eliuth Cruz Cortez (collectively "**Plaintiffs**") filed their Complaint. (Doc. No. 1.) Plaintiffs seek a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. §§ 1361 and 1651 and/or 5 U.S.C. § 706(1), compelling Defendants to make a determination on Plaintiffs' Form I-918, Petition for U Nonimmigrant Status, Form I-918A, Petition for Qualifying Family Member of U-1 Recipient and their Forms I-192, Applications for Advance Permission to Enter as Nonimmigrants. (Id. at 2–10.)

On May 9, 2025, Defendants filed their Motion to Dismiss and memorandum in support. (Doc. Nos. 5–6.) Defendants argue Plaintiffs' Complaint should be dismissed for mootness, lack of standing, a lack of subject-matter jurisdiction, and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Id.) Defendants claim the U.S. Citizenship and

Immigration Services ("**USCIS**") "cannot act and Plaintiffs have already received all of the relief to which they are statutorily entitled at this stage." (Doc. No. 6, p. 9.) Defendants explain:

> USCIS is restricted by statute, regulation, and policy from adjudicating the Plaintiffs' principal and derivative petitions before those filed earlier in time [and a]lthough a U Visa cannot be issued at this moment due to the cap and required processing order, Plaintiffs were provided BFD grants, assurance that they have met their prima facie case for a U Visa, Deferred Action, and Employment Authorization for four years. Hence, the relief Plaintiff[s are] seeking is illusory and dismissal is appropriate. (Id.)

Plaintiffs did not file a Response.

## II. STANDARD OF REVIEW

"'The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies.'" Porter v. Clarke, 852 F.3d 358, 363 (4th Cir. 2017) (citation omitted). For a case to be moot, "it must be 'impossible for a court to grant any effectual relief whatever to the prevailing party.'" Leaders of a Beautiful Struggle v. Baltimore Police Dep't, 2 F.4th 330, 336 (4th Cir. 2021) (citation omitted). When "the litigation is moot . . . the court's subject matter jurisdiction ceases to exist also." S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs, 789 F.3d 475, 482 (4th Cir. 2015). A dismissal of a case for mootness should be without prejudice. See Adams Outdoor Advert. Ltd. P'ship v. Beaufort Cnty., 105 F.4th 554, 564 (4th Cir. 2024).

Even if a non-moving party does not challenge a motion to dismiss, a "district court nevertheless has an obligation to review the motions to ensure that dismissal is proper." Stevenson v. City of Seat Pleasant, 743 F.3d 411, 416 n.3 (4th Cir. 2014). Put another way, "[a] district court is obliged to review a defendant's motion to dismiss and ensure that dismissal is appropriate even where, as here, a plaintiff fails to respond to the motion." Goudy v. Navy Fed. Credit Union Found., No. 23-1721, 2024 WL 2206508, at *1 (4th Cir. 2024) (per curiam). However, if a plaintiff fails to oppose a motion to dismiss, a court is "entitled, as authorized, to rule on the . . . motion and

2

dismiss [the] suit on the uncontroverted bases asserted" in the motion. Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004).

### III. ANALYSIS

Here, Plaintiffs did not respond to Defendants' Motion to Dismiss. Defendants explain a U Visa cannot be issued here because of a cap restriction and a mandatory processing order. (Doc. No. 6, p. 9.) So, because a U Visa cannot be issued based on the cap restriction and mandatory processing order, the Court cannot order Defendants and USCIS to do so. Therefore, after reviewing Defendants' motion and the uncontroverted bases asserted, Pueschel, 369 F.3d at 354, the Court finds, because it cannot grant Plaintiffs the relief they seek, Plaintiffs' claims are moot, it lacks subject-matter jurisdiction, and dismissal is appropriate.

Since the Court dismisses Plaintiffs' Complaint, the Court does not address Defendants' arguments.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs Nayeli Morales Osorio and Eliuth Cruz Cortez's Complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Defendants Ur Mendoza Jaddou and Laura B. Zuchowski's Motion to Dismiss, (Doc. No. 5), is **DENIED as MOOT**.

The Clerk of Court is respectfully **DIRECTED** to **CLOSE THE CASE**.

**IT IS SO ORDERED.**

Signed: October 16, 2025

Frank D. Whitney
Senior United States District Judge